## WORRILL *v.* THE STATE.

The evidence which was excluded was material and relevant, the weight to be given it being for determination by the jury, and its exclusion was, under the facts, such an error as required the granting of a new trial.

Argued December 15, 1902. — Decided January 9, 1903.

Indictment for assault with intent to murder. Before Judge Butt. Harris superior court. November 10, 1902.

*J. B. Burnside,* for plaintiff in error.
*S. P. Gilbert, solicitor-general,* contra.

COBB, J. Worrill was placed on trial, charged with the offense of assault with intent to murder one Arrington, and was convicted. It appears from the evidence that the accused and Arrington had a difficulty in which Arrington struck the accused with a stick, and that during the struggle which followed this blow the accused shot Arrington with a pistol, and that after the struggle was over the accused shot Arrington with a shotgun. According to the testimony of Arrington, this was at a time when he was wounded and was not making any assault upon the accused. According to the statement of the accused, the gun was not fired until Arrington had drawn his pistol and made an effort to use the same upon the accused. Arrington testified positively that he never drew his pistol. The evidence in reference to the difficulty before the gun was fired might have authorized the verdict, but as the indictment charges assaults with a gun and with a pistol, we can not tell from the finding whether the verdict was based upon the assault with

the gun or upon that made with the pistol. If, therefore, any error was committed which was prejudicial to the accused in reference to either theory of the State's case, such error required the granting of a new trial. The accused offered a witness who testified as follows : "I know Henry Worrill and Walter Arrington, and I know about the time they had the difficulty in June. I was not there but went there that night and found a pistol. I don't know which one the pistol belonged to. I found it right below the house, and it looked to me that there had been some scuffling where I found it. I gave the pistol to John Arrington, a brother of Walter Arrington." The court ruled out this testimony on the ground that the witness failed to identify the pistol and failed to locate the place at which he found it, notwithstanding counsel for the accused stated that he would introduce other witnesses who would identify the pistol found by the witness as being the pistol of Arrington, and who would testify that Arrington attempted to shoot the accused with it.

We think the court erred in ruling out this testimony. Whether it was sufficient, with other evidence, to identify the pistol as belonging to Arrington, and whether the testimony was sufficient to identify the place where the difficulty occurred, were matters not affecting the admissibility of the testimony but its weight, and the evidence should have been admitted in order that the jury might determine whether it, in connection with the other testimony in the case, was sufficient to show that the pistol referred to by the witness belonged to Arrington, and if so, whether he was attempting to shoot the accused with it at the time the assault with the gun was made. Arrington testified positively that he never drew his pistol from his pocket. The accused claimed that he did, and that he attempted to shoot him with it at the time the gunshot wound was given. If the pistol referred to by the witness was Arrington's pistol, and it was found at the scene of the difficulty, this would be a circumstance strongly corroborative of the statement of the accused. The fact that the accused was allowed to prove by another witness that Arrington's pistol was found at the scene of the difficulty would not cure the error. It may be that the jury would have believed the witness whose testimony was excluded, while they may not have credited the witness whose testimony on this subject was admitted. The court erred in over-

ruling the motion for a new trial on the ground above referred to, even if the other assignments of error made in the motion were not well taken.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*